UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL ESPARZA,<br><br>                                    Plaintiff,<br><br>v.<br><br>EXPRESS SCRIPTS PHARMACY, INC.,<br><br>                                    Defendant. | Case No.:  25-cv-01988-AJB-DDL<br><br>**ORDER TO SHOW CAUSE** |

On August 3, 2025, Plaintiff Miguel Esparza ("Plaintiff"), through counsel Scott J. Ferrell ("Counsel"), initiated the present action alleging several website-invasion-of-privacy-related claims. (Doc. No. 1.)

Upon reviewing Plaintiff's Complaint, it is not clear that venue is proper in this District. Pursuant to 28 U.S.C. § 1391(b), venue is proper in:

(1)     a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2)     a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that the subject of the action is situated; or

(3)     if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b)(1)–(3). The Court may raise the issue of venue *sua sponte* if the

defendant has not waived their right to object to an improper venue. *See Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986). Conclusory allegations are not sufficient to establish that venue is proper. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Plaintiff alleges that "[v]enue is proper in this District because a substantial part of the events or omissions giving rise to the claim occurred in this District." (*Id.* ¶ 7.) However, the Complaint does not provide any indication of the specific date on which Plaintiff accessed Defendant Express Scripts Pharmacy, Inc.'s website, or where and how he accessed the website such that his claims may have arisen within this District. (*See generally id.*) Although Plaintiff's residency is not determinative of the proper federal venue, it may reveal from where he accessed Defendant's website. To that end, the Civil Cover Sheet dated August 3, 2025, indicates that Plaintiff is a resident of San Diego County. (Doc. No. 1-1.) However, it appears that Plaintiff, through this same Counsel, initiated an action asserting similar claims against a different defendant in the United States District Court for the Central District of California on July 31, 2025. *See* Complaint, *Miguel Esparza v. Ecoflow Technology Inc.*, No. 8:25-cv-01695-MWC-KES (C.D. Cal. filed July 31, 2025), Doc. No. 1. There, Plaintiff submitted a civil cover sheet identifying his county of residence as Los Angeles County. Civil Cover Sheet, *Miguel Esparza v. Ecoflow Technology Inc.*, No. 8:25-cv-01695-MWC-KES (C.D. Cal. filed July 31, 2025), Doc. No. 2.[1]

In light of the foregoing, the Court hereby **ORDERS** Plaintiff to show cause why venue is proper in this District. Accordingly,

1.     **No later than <u>October 7, 2025</u>**, Plaintiff must file a supplemental brief, **not to exceed three pages**, supported by any necessary declarations or affidavits to make a *prima facie* showing of why venue is proper in this District.

---

[1]     The Court notes this is not the first time that courts in this District have identified a potential venue-related deficiency in pleadings filed by Counsel. *See* Order to Show Cause, *Rodriguez v. Brivo Sys. LLC*, No. 25-cv-02050-CAB-MSB (S.D. Cal. filed Aug. 12, 2025), Doc. No. 4; Order to Show Cause, *Rodriguez v. Blaze Pizza, LLC*, No. 25-cv-01850-AJB-DEB (S.D. Cal. filed Sept. 23, 2025), Doc. No. 8.

2.    **No later than <u>October 14, 2025</u>**, Defendant may file a response brief, **not to exceed three pages**. Defendant may support the response brief with any necessary declarations or affidavits.

3.    No reply will be accepted.

**IT IS SO ORDERED.**

Dated:  September 27, 2025

Hon. Anthony J. Battaglia
United States District Judge

3

25-cv-01988-AJB-DDL