TIFFANY CHEUNG (BAR NO. 211497)
TCheung@mofo.com
CAMILLE FRAMROZE (BAR NO. 332075)
CFramroze@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile:(415) 268-7522

ELISABETH HUTCHINSON *(admitted pro hac vice)*
EHutchinson@mofo.com
Morrison & Foerster LLP
370 17th Street, Suite 4200
Denver, CO 80202-5638
Telephone: (303) 592-1500
Facsimile: (303) 592-1510

Attorneys for Defendant
EXPRESS SCRIPTS PHARMACY, INC. DBA
WWW.EXPRESS-SCRIPTS.COM

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL ESPARZA<br><br>Plaintiff,<br><br>v.<br><br>EXPRESS SCRIPTS PHARMACY, INC., a Delaware entity, dba WWW.EXPRESS-SCRIPTS.COM,<br><br>Defendant. | Case No. 3:25-cv-1988 AJB DDL<br><br>**DEFENDANT'S REQUEST FOR JUDICIAL NOTICE**<br><br>Date: January 15, 2026<br>Time: 2 p.m.<br>Courtroom: 4A (4th Floor)<br>Judge: Hon. Anthony J. Battaglia |

1

## I.   INTRODUCTION

Pursuant to Federal Rule of Evidence 201, Defendant Express Scripts Pharmacy, Inc. respectfully requests that the Court incorporate by reference or take judicial notice of the documents attached as **Exhibits A through D** to the **Declaration of Tiffany Cheung**, which are as follows:

- **Exhibit A**: A true and correct copy of the Third Amended Complaint in *Lynch v. Express Scripts Holding Co.*, No. 3:23-cv-01170-AMO (N.D. Cal.), ECF No. 64, filed on August 26, 2025.

- **Exhibit B**: A true and correct copy of the homepage of www.express-scripts.com, archived by the Internet Archive's Internet Wayback Machine on April 1, 2025, available at: http://web.archive.org/web/20250401002252/https://www.express-scripts.com/;

- **Exhibit C**: A true and correct copy of a screenshot of the cookie consent banner directed at "California residents" and displayed on the www.express-scripts.com webpage, as archived by the Internet Archive's Internet Wayback Machine on April 1, 2025, available at: http://web.archive.org/web/20250401002252/https://www.express-scripts.com/;

- **Exhibit D**: A true and correct copy of Express Scripts' Website and Mobile Application Privacy Notice ("Privacy Policy"), last updated November 25, 2024, available at https://www.express-scripts.com/frontend/consumer-legal-ui/#/legal?type=Privacy.

## II.   EXHIBITS B THROUGH D ARE SUBJECT TO INCORPORATION BY REFERENCE

The Court may properly consider Express Scripts' homepage, cookie consent banner, registration page, and Privacy Policy in effect during the relevant time period described above (together, the "Exhibits") under Federal Rule of Evidence 201(b), because consideration of these Exhibits is appropriate under the incorporation-by-reference doctrine.

The incorporation-by-reference doctrine "prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken — or doom — their claims." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018); *see, e.g.*, *Knievel v. ESPN*, 393 F.3d 1068, 1076-77 (9th Cir. 2005) (applying incorporation-by-reference doctrine to publicly available website pages); *Doe v. Regents of Univ. of Cal.*, No. 22-CV-1506 JLS (WVG), 2023 WL 2899530, at *3 (S.D. Cal. Apr. 10, 2023) (same). This doctrine is designed to "prevent plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting documents upon which their claims are based." *In re Yahoo Mail Litig.*, 7 F. Supp. 3d 1016, 1023-24 (N.D. Cal. 2014) (quoting *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007)).

Here, Plaintiff explicitly and extensively cites to Express Scripts' Website and Privacy Policy (*see, e.g.*, ECF No. 1 ("Compl.") ¶ 1 (quoting Privacy Policy and alleging that claims concern Express Scripts' Website)) and alleges having visited the website "in the last year to investigate prescription delivery solutions." (*Id*. ¶ 16.) Accordingly, the Court may deem incorporated by reference the contents on the Website, including the hyperlinks to Express Scripts' Privacy Policy in the persistent footer located at the bottom of the Website and in the cookie banner that would have appeared when Plaintiff visited the Website, in evaluating Express Scripts' motion to dismiss. Indeed, "courts must consider the complaint in its entirety," including "documents incorporated into the complaint by reference[.]" *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

Furthermore, because Plaintiff's allegations—in particular his alleged lack of consent—necessarily depend on the *complete* contents of all Exhibits, it is proper for the Court to consider the full scope of Express Scripts' homepage and Privacy Policy in effect during the time period Plaintiff allegedly accessed the Express Scripts Website that were omitted from Plaintiff's Complaint. Courts considering similar privacy claims have routinely granted requests for judicial notice of privacy

policies referenced in the complaints at issue. *See, e.g., Washington v. Flixbus, Inc.*, No. 3:25-cv-00212-H-MSB, 2025 WL 1592961, at *3 (S.D. Cal. June 5, 2025) (granting motion to dismiss plaintiff's wiretap claims and deeming privacy policy incorporated by reference, noting plaintiff's "claims depend on his allegation that he did not consent to Defendant's data practices"); *Garcia v. Enter. Holdings, Inc.*, 78 F. Supp. 3d 1125, 1136 (N.D. Cal. 2015) ("Because Plaintiff's [wiretap] claim necessarily depends on the application of Zimride's policies—which relate directly to the issue of consent—the Court finds that these documents may appropriately be considered on a motion to dismiss."); *see also Stark v. Patreon, Inc.*, 635 F. Supp. 3d 841, 850 (N.D. Cal. Oct. 13, 2022) (deeming privacy policies incorporated by reference at motion to dismiss stage in case involving allegations that defendant failed to disclose use of the Facebook pixel); *In re Google Assistant Priv. Litig.*, 457 F. Supp. 3d 797, 814 (N.D. Cal. 2020) (granting defendant's request for judicial notice of news articles and blog posts and incorporating by reference defendant's privacy policies that were cited in the complaint because they "appear on publicly accessible websites and their authenticity cannot be reasonably questioned") (citation omitted).

Consideration of documents not attached to pleadings is appropriate where, as here, the "claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document." *Knievel*, 393 F.3d at 1076.  Plaintiff cannot reasonably dispute the authenticity of any of the Exhibits, and Plaintiff's allegations that Express Scripts failed to inform visitors and obtain consent (Compl. ¶¶ 3, 17, 22-23, 37, 39, 47, 51) necessarily depend on the complete contents of the Exhibits. Thus, it is proper for the Court to consider the full contents of Express Scripts' Website and Privacy Policy in effect during the relevant time period captured by the Exhibits, including the hyperlinks to Express Scripts' privacy policies that were conspicuously linked at the bottom of Express Scripts' Website and the relevant

4

cookie banner, that were omitted from the Complaint.

### III.    ALL EXHIBITS ARE SUBJECT TO JUDICIAL NOTICE

In addition, the Court may also take judicial notice under Rule 201(b) of all Exhibits, including public court filings (Ex. A) and contents of publicly available websites (Exs. B through D), because they are from public documents "whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2); *see Woodhouse v. United States Gov't*, No. 2:21-cv-06372-SB, 2021 WL 6333468, at *4 n.3 (C.D. Cal. Nov. 24, 2021) ("[T]he Court takes judicial notice of [plaintiff's] website" because "a party's website and its contents are proper subjects for judicial notice"), *aff'd*, No. 22-55045, 2023 WL 3600032 (9th Cir. May 23, 2023); *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (court may take judicial notice of and consider "documents on file in federal or state courts"); *Jones v. Tonal Sys., Inc.*, 751 F. Supp. 3d 1025, 1031-32 (S.D. Cal. 2024) (granting motion to dismiss plaintiff's wiretap claims and request for judicial notice of publicly available webpages because plaintiff's "characterization[] of the website chat feature 'form the basis' of her lawsuit" and the "five other [wiretap] complaints filed by Plaintiff in this district") (quoting *Khoja*, 899 F.3d at 1002).

A court may take judicial notice of webpages and information on a website or application "as long as the website's authenticity is not in dispute," including, for example, when the court may "access the website and confirm the accuracy of [an] exhibit[']s[] content." *In re Tourism Assessment Fee Litig.*, No. 08cv1796-MMA (WMc), 2009 WL 10185458, at *4-5 (S.D. Cal. Feb. 19, 2009), *aff'd*, 391 F. App'x 643 (9th Cir. 2010); *see also, e.g.*, *In re Yahoo Mail Litig.*, 7 F. Supp. 3d at 1024 (explaining "publicly accessible websites" are "[p]roper subjects of judicial notice when ruling on a motion to dismiss"). Moreover, "[c]ourts have taken judicial notice of the contents of web pages available through the Wayback Machine as facts that can be accurately and readily determined from sources whose accuracy

cannot reasonably be questioned[.]" *Erickson v. Neb. Mach. Co.*, No. 15-cv-01147-JD, 2015 WL 4089849, at *1 n.1 (N.D. Cal. July 6, 2015) (taking judicial notice of websites where "Plaintiffs provided copies of current versions of these websites . . . but the Internet Archive's Wayback Machine shows that the websites were substantively identical during the relevant timeframe").

Indeed, "[i]t is common for courts to take judicial notice of a company's historical privacy policies." *In re Facebook, Inc. Sec. Litig.*, 477 F. Supp. 3d 980, 1009 (N.D. Cal. 2020), *aff'd in part, rev'd in part on other grounds by* 87 F.4th 934 (9th Cir. 2023).  Courts in this Circuit thus routinely take judicial notice of websites and their contents, including privacy policies and terms of service, and they have done so in privacy cases with allegations nearly identical to those at issue here. *See, e.g.*, *Garcia*, 78 F. Supp. 3d at 1136-37 (granting motion to dismiss plaintiff's wiretap claims and request for judicial notice of defendant's terms of service and privacy policy submitted with counsel's declaration because plaintiff's wiretap claims and, specifically, the issue of consent "necessarily" depended on the contents of such policies); *see also, e.g.*, *Lakes v. Ubisoft, Inc.*, 777 F. Supp. 3d 1047, 1053-54 (N.D. Cal. Apr. 2, 2025) (granting motion to dismiss plaintiff's wiretap claims and, in relevant part, request for judicial notice as to cookie banner and specific pages of defendant's website at issue); *Opperman v. Path, Inc.*, 205 F. Supp. 3d 1064, 1068 n.3 (N.D. Cal. 2016) (granting request for "judicial notice of the Yelp Privacy Policies during the relevant time periods because they were publicly available on the Yelp website and their existence cannot reasonably be questioned"); *Datel Holdings Ltd. v. Microsoft Corp.*, 712 F. Supp. 2d 974, 983-84 (N.D. Cal. 2010) (granting request for judicial notice of two documents available on Xbox's website and a document "obtained from the purchase of any Xbox 360 system," because they "are capable of accurate and ready determination because they are standard documents" and "Plaintiff's complaint depends, at least in part, on

the contents of the documents").[1]

## IV.    CONCLUSION

For these reasons, Defendant respectfully requests that the Court incorporate by reference or take judicial notice of the documents attached as **Exhibits A through D** to the **Cheung Declaration**.


Dated:  October 24, 2025                MORRISON & FOERSTER LLP


By: _/s/ Tiffany Cheung_

Tiffany Cheung

Attorneys for Defendant
EXPRESS SCRIPTS PHARMACY,
INC., DBA WWW.EXPRESS-
SCRIPTS.COM

---

[1] *Cf. Matthews v. Nat'l Football League Mgmt. Council*, 688 F.3d 1107, 1113 n.5 (9th Cir. 2012) (granting request for judicial notice of statistics posted on the NFL's website); *In re Yahoo Mail Litig.*, 7 F. Supp. 3d at 1025 (taking *sua sponte* judicial notice of Yahoo terms of service and privacy policy that were attached to the complaint "because they are aspects of a publicly accessible website" and "Plaintiffs' Complaint necessarily relies on the contents of these webpages").

7

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 24, 2025, I electronically transmitted the foregoing document using the CM/ECF system for filing, which will transmit the document electronically to all registered participants as identified on the Notice of Electronic Filing, and paper copies have been served on those indicated as non-registered participants.

*/s/ Tiffany Cheung*
TIFFANY CHEUNG

8